Todd Christopher Atkins (CA Bar No. 208879)
tatkins@siprut.com
SIPRUT PC
701 B Street, Suite 1170
San Diego, CA 92101
619.255.2380

Joseph J. Siprut (pro hac vice application to be filed)
jsiprut@siprut.com
SIPRUT PC
17 North State Street, Suite 1600
Chicago, IL 60602
312.236.0000

*Attorneys for Plaintiff Red Pine Point LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Red Pine Point LLC, | Case No. |
| Plaintiff, | **Complaint for Patent Infringement** |
| v. | |
| Yahoo! Inc. and The Weinstein Company LLC, | |
| Defendants. | |

Plaintiff Red Pine Point LLC ("Red Pine"), by its undersigned attorneys, for its Complaint against Defendant Yahoo! Inc. ("Yahoo" or "Defendant") and The Weinstein Company LLC ("TWC" or "Defendant"), states as follows:

### NATURE OF THE ACTION

1. This is a patent-infringement action by Red Pine against Yahoo, an online retailer, and TWC, a movie distributor. As detailed below, Red Pine has been harmed by Yahoo's and TWC's unlawful use of Red Pine's patents for commercial purposes.

Complaint for Patent Infringement     1

**JURISDICTION AND VENUE**

2. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq. This court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court may exercise personal jurisdiction over Yahoo and TWC pursuant to the California long-arm statute. Yahoo and TWC conduct continuous and systematic business in California and this District.  For example, Yahoo offers its service in this District. Yahoo allows users to download and view feature length films like *One Chance* before the films are publicly available to view in movie theaters or on DVD.  As will be described below, these patent-infringement claims arise directly from Yahoo's and TWC's continuous and systematic activity in this District.  This Court's exercise of jurisdiction over Yahoo and TWC would thus be consistent with California law and traditional notions of fair play and substantial justice.

4. Venue is proper under 28 U.S.C. §§ 1391(b)(3) and 1400(b).

**PARTIES**

*Plaintiff*

5. Red Pine is a limited liability company organized under the laws of Nevada. Red Pine's principal place of business is located in Wadsworth, Ohio.

*Defendants*

6. Yahoo is a corporation organized under the laws of Delaware. Yahoo's headquarters are located in Sunnyvale, California. Among other things, Yahoo operates a website that includes the service Yahoo Screen, which allows consumers to view feature-length films on their mobile devices before the films are released in theaters.

7. TWC is a limited liability company organized under the laws of New York.

Complaint for Patent Infringement    2

TWC's headquarters are located in New York, New York. Among other things, TWC distributes movies throughout the United States by allowing consumers to purchase and view movies before the movies are released in theaters.

### FACTUAL BACKGROUND

8. Red Pine owns United States Patent 8,521,601 (the "'601 patent").

9. The field of the invention of the '601 patent is movie distribution. Movies have historically been distributed by leveraging the period of time when the public may only view the movie in a theatre. Thus, the movie distributor risked substantial capital to promote the movie, maximize box office sales, and prolong the exclusive period during which the movie was only available for viewing in the theater.

10. This historic method of movie distribution posed a number of challenges and missed opportunities. For example, promoting a movie in order to drive box office sales is expensive and time-consuming. In addition, and obviously, not all movies have the same potential at the box office. The target audience of *One Chance* is not the same as the target audience of *Avatar* or *Titanic*.

11. The '601 invention provides a solution. By segmenting the movie distribution market and determining which movies' potential at the box office does not warrant the same promotional effort, companies may distribute movies like *One Chance* to hand-held devices before *One Chance* is publicly available for viewing in theaters or on DVD.

### CLAIM ALLEGED

*Count 1: Direct Infringement Against Yahoo*

12. Red Pine repeats the allegations of paragraphs 1 through 11 of this Complaint as though fully alleged herein.

13. Red Pine is the exclusive owner of the '601 patent, which is attached as

Complaint for Patent Infringement     3

Exhibit 1.

14. The '601 patent is valid and enforceable.

15. Yahoo directly infringes claims of the '601 patent. Yahoo makes, uses, sells, and offers for sale products, methods, equipment, and services that practice claims 1 and 4 of the '601 patent.

16. For example, and without limiting the '601 patent claims that will be asserted in this action or the Yahoo services accused of infringing the '601 patent claims, the distribution of *One Chance* infringes claim 1 of the '601 patent.

17. Claim 1 is a method of displaying "an advertisement to purchase a feature length film (FLM) before the FLM is publicly available to view in movie theaters and before the FLM is publicly available to buy on digital video disks (DVDs) . . . ." Yahoo advertised *One Chance* for purchase before the movie was publicly available to view in movie theaters and before the movie was publicly available to buy on DVD.

18. The method of claim 1 involves displaying a movie trailer for the FLM. Yahoo displayed a movie trailer for *One Chance*.

19. When practicing claim 1, you sell the FLM for purchase with "handheld portable electronic devices (HPEDs) before the FLM is publicly available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs." Yahoo sold *One Chance* for purchase before *One Chance* was in the theaters and before *One Chance* was publicly available on DVD.

20. The claim 1 method involves wirelessly transmitting and downloading of the FLM. Yahoo did this with respect to sales and rentals of *One Chance*. These sales and rentals were also "downloaded to the HPEDs such that the FLM plays on the HPEDs at times decided by the individuals viewing the FLM with the times being before the FLM is publicly

Complaint for Patent Infringement 4

available to view in the movie theaters and before the FLM is publicly available to buy on the DVDs . . . ."

21.  Yahoo practiced the remaining steps of claim 1 because *One Chance* was distributed to movie theaters and is greater than sixty minutes long.

*Count 2: Infringement by Inducement Against TWC*

22.  TWC has knowledge of '601 patent and nonetheless actively induces Yahoo to directly infringe the '601 patent.

23.  TWC's knowledge of the '601 patent is based on, among other things, Red Pine notifying TWC of the '601 patent no later than February 11, 2014 and describing to TWC specifically how TWC's retailers infringed the '601 patent. Notwithstanding this knowledge, TWC specifically intends that Yahoo infringe the '601 patent and TWC knows that Yahoo's acts constitute infringement.

24.  TWC has a contractual relationship with Yahoo. According to this relationship, Yahoo is directly infringing claims of the '601 patent. TWC induces each of these infringements.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

/ / / /

Complaint for Patent Infringement  5

## REQUEST FOR RELIEF

WHEREFORE, Red Pine prays for the following relief against Yahoo and TWC:

(A) Judgment that Yahoo has directly infringed claims of the '601 patent claims;

(B) Judgment that TWC has induced Yahoo to directly infringe the '601 patent claims.

(C) For a reasonable royalty;

(D) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law; and

(E) For such other and further relief as the Court may deem just and proper.


Date: October 27, 2014                    Respectfully submitted,

/s/ Todd C. Atkins
Todd Christopher Atkins (CA Bar No. 208879)
tatkins@siprut.com
SIPRUT PC
701 B Street, Suite 1170
San Diego, CA 92101
619-255-2380

Joseph J. Siprut (*pro hac vice* to be filed)
jsiprut@siprut.com
SIPRUT PC
17 North State Street, Suite 1600
Chicago, Illinois 60602
312.236.0000

Complaint for Patent Infringement                    6